**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT POWERS, | 17-70676 |
| Petitioner, | ARB Case No. 13-034 |
| v. | Department of Labor |
| U.S. DEPARTMENT OF LABOR, | MEMORANDUM* |
| Respondent, | |
| UNION PACIFIC RAILROAD COMPANY (UNION PACIFIC), | |
| Respondent-Intervenor. | |

On Petition for Review of an Order of
the United States Department of Labor

Submitted May 8, 2018**
Portland, Oregon

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and NGUYEN, Circuit Judges, and GARBIS, Senior District Judge.***

Robert Powers petitions for review of a Final Decision and Order of the Department of Labor's Administrative Review Board ("ARB"), affirming the Administrative Law Judge's ("ALJ") order of dismissal of Powers' retaliation claim under the Federal Railroad Safety Act ("FRSA"). We have jurisdiction pursuant to 49 U.S.C. § 20109(d)(4), and we affirm.

In May 2007, Powers notified his employer, Union Pacific Railroad Co. ("Union Pacific"), of a work-related injury–an action that is protected under the FRSA, 48 U.S.C. § 20109(a)(4). After being terminated in September 2008, Powers filed a complaint with the Occupational Safety and Health Administration ("OSHA") against Union Pacific under 49 U.S.C. § 20109(d)(1). OSHA investigated the complaint and made a preliminary finding of reasonable cause that a violation had occurred. Union Pacific timely requested a de novo hearing, which was held before an ALJ.

The ALJ made a factual finding that Union Pacific's decision to terminate Powers was based on its reasonable belief that Powers had been dishonest about his activities while on medical leave, and the reporting of his work injury was not a

---

*** The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

2

contributing factor to the termination. Reviewing the ALJ's determination under the substantial evidence standard, the ARB affirmed, dismissing Powers' complaint.

We review the ARB's decision "in accordance with the Administrative Procedure Act, under which the ARB's legal conclusions must be sustained unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and its findings of fact must be sustained unless they are unsupported by substantial evidence in the record as a whole." *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004) (citing 5 U.S.C. § 706). "This standard of review is 'highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision.'" *Nat'l Mining Ass'n v. Zinke*, 877 F.3d 845, 866 (9th Cir. 2017) (quoting *Nw. Ecosystem Alliance v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007)).

Substantial evidence supports the ALJ's conclusions, including, *inter alia*, that Powers continued to work for Union Pacific for 16 months before he was fired; Union Pacific provided accommodations for the work injury during that time; credible testimony established that Union Pacific officials reasonably believed that Powers had been dishonest; and credible evidence established that Powers had engaged in physical activities that were inconsistent with his medical

restrictions. The ALJ's credibility assessments were reasonable, and all evidence was properly considered. We do not substitute our judgment for that of the agency. *Lockert v. U.S. Dep't of Labor*, 867 F.2d 513, 520 (9th Cir. 1989).

We do not consider Powers' argument related to his complaint filed under the Federal Employers' Liability Act as a protected activity because it was not raised in the administrative proceedings below. *Balser v. Dep't of Justice*, 327 F.3d 903, 908 (9th Cir. 2003).

**PETITION DENIED**.